Julian Burns King (Bar No. 298617)
julian@kingsiegel.com
Elliot J. Siegel (Bar No. 286798)
elliot@kingsiegel.com
**KING & SIEGEL LLP**
724 S. Spring Street, Suite 201
Los Angeles, California 90014
tel:  (213) 465-4802
fax: (213) 465-4803

Lincoln Ellis, Esq. (SBN 283657)
Lincoln.Lawyer.CA@gmail.com
**LAW OFFICE OF LINCOLN W. ELLIS**
292 S. La Cienega Blvd., Ste. 207
Beverly Hills, CA 90211
tel: (213) 207-6692
fax: (855) 701-5136

Attorneys for Plaintiff Fausto Bustos

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Fausto Bustos**, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>**Royal Bank of Canada**, a corporation; **City National Bank**, a corporation; and **Does 1-10**, inclusive,<br><br>Defendants. | CASE NO. 21-cv-04879-JAK (GJSx)<br><br>[Discovery Matter]<br><br>**Plaintiff Fausto Bustos' Notice of Motion and Motion to Compel Further Responses and Production of Documents from Defendant Royal Bank of Canada**<br><br>*[Declaration of L. Ellis filed herewith]*<br><br>Hearing Date:  February 28, 2022<br>Hearing Time:  3:00 p.m.<br>Courtroom:      Roybal – Room 640<br>Judge:          Hon. Gail J. Standish |

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on February 28, 2022, at 3:00 p.m., or as soon thereafter as the matter may be heard, in the courtroom of the Honorable Gail J. Standish, Roybal Federal Building and United States Courthouse, 255 E. Temple St., Los Angeles, CA, 90012, Courtroom 640, 6th Floor, Plaintiff Fausto Bustos will and hereby does move to the Court pursuant to Rule 37 of the Federal Rules of Civil Procedure for an order compelling further responses and production of documents from Defendant Royal Bank of Canada ("RBC"). This motion is based on the grounds that RBC has refused to produce any documents at this time.[1]

This Motion is based on this Notice of Motion, the attached Memorandum of Points and Authorities, the Declaration of Lincoln Ellis filed concurrently herewith, all of the pleadings, files and records in this proceeding, all other matters of which the Court may take judicial notice, and any argument or evidence that may be presented to the Court prior to its ruling.

Dated:        January 31, 2022                    Respectfully submitted,

**LAW OFFICE OF LINCOLN ELLIS**

By:___/S/ Lincoln Ellis_____
Lincoln Ellis
Attorneys for Plaintiff

---

[1]  This motion is made following the telephonic conference of counsel pursuant to L.R. 7-3 which took place on November 18, 2021.

## I.   Introduction

Plaintiff's Fausto Bustos' ("Mr. Bustos") Complaint alleges that Defendant Royal Bank of Canada ("RBC") actively investigated Plaintiff Plaintiff's complaints of unlawful accounting gimmicks by its wholly-owned subsidiary, City National Bank ("CNB"), prior to Mr. Bustos' being fired from his employment. RBC's auditors were involved in the day-to-day administration of compliance functions at its subsidiary CNB, and its fingerprints are all over this Sarbanes-Oxley whistleblower retaliation case. Nonetheless, RBC now seeks to unilaterally rewrite the Federal Rules of Civil Procedure such that it refuses to produce any documents in discovery (including documents related to joint-employer, integrated enterprise, and other well-established legal doctrines) prior to the Court ruling on RBC's motion to dismiss.  To be clear, no stay has been issued in this matter, and RBC has not moved for a stay of discovery.

RBC's refusal to participate in discovery violates the Federal Rules of Civil Procedure and the Court should order RBC to provide complete responses and production of documents.

## II.   Plaintiff's Underlying Factual Allegations

Plaintiff was a high-performing Senior Vice President for CNB, a wholly-owned subsidiary of RBC.  Complaint [Dkt. 1] ¶¶ 1, 18-19.  Plaintiff repeatedly complained that CNB – and by extension, RBC, whose consolidated financial statements depend on the reliability of data from CNB – was committing accounting errors that (1) inflated the amount of assets on the CNB and RBC's balance sheets, (2) caused Defendants to claim tax benefits to which they were not entitled, and (3) generally rendered CNB's financial reporting unreliable and non-compliant.  *Id*., ¶¶ 2-3, 22-38, 43-48. Plaintiff complained about these failed internal controls on numerous occasions, to representatives of both CNB and RBC. *Id.* ¶¶ 2-3, 22-38, 36.

RBC and CNB investigated these concerns and, indeed, RBC's auditor's validated Plaintiff's complaints. Following these audits, CNB's internal auditors identified over $5 million in misallocated invoices.  *Id*., ¶ 4, 39-42. Plaintiff further complained

to RBC's auditor in February 2019 that a lack of internal controls in accounting—which are mandated by SOX regulations—compromised the integrity of the Bank's financial disclosures. *Id*., ¶ 36.

Shortly after this meeting with RBC's auditor(s), Plaintiff was confronted with accusations that he misappropriated funds, which were found to be baseless and "perhaps retaliatory". *Id*., ¶ 37. A few months later, Plaintiff was terminated in retaliation for his complaints, in a purported "Reduction in Force." *Id*., ¶¶ 51-52. However, his position and the other positions allegedly subject to the "Reduction in Force" were posted on hiring websites just days afterwards. *Id.*

In addition to RBC's auditor(s) receiving and investigating Plaintiff's complaints (as described above), Plaintiff has alleged that CNB was a wholly-owned subsidiary of defendant RBC; that CNB's financial statements were reflected in the audited financial statements of RBC as filed with the SEC, *id*., ¶ 10; and that RBC and CNB were each others' agent, servant, partner, joint employer, integrated enterprise and/or joint venture, and ratified each other's conduct. *Id*., ¶ 12. Moreover, RBC auditors were responsible for auditing Plaintiff's complaints, investigating retaliatory complaints against Plaintiff, and remedying CNB's conduct. *Id*., ¶ 36

### A.    Facts Related to This Motion to Compel

On October 5, 2021, Plaintiff served Requests for Production of Documents to RBC. Exhibit A to Ellis Decl.[2] On November 4, 2021, RBC responded with only objections, and agreed to produce zero documents. Exhibit B. On November 12, 2021, Plaintiff's counsel sent a meet and confer letter regarding RBC's deficient discovery responses. Exhibit C.

On November 18, 2021, the parties met and conferred telephonically (through counsel). RBC's counsel indicated that RBC would not voluntarily produce any responsive documents prior to the Court ruling on its 12(b)(6) motion to dismiss. Ellis

---

[2] All Exhibits referenced herein are attached to the concurrently filed Declaration of Lincoln Ellis.

Decl.  During the meet and confer process, Plaintiff requested any authority that a 12(b)(6) motion stays discovery.  RBC's only authority hinged on the granting of a stay, which has not been moved for, much less granted, in the instant case.  *Wenger v. Monroe*, 282 F.3d 1068 (9th Cir. 2002), as amended on denial of reh'g and reh'g en banc (Apr. 17, 2002).  That decision merely notes that "a district court may . . . stay discovery…" *Id.* at 1077 (internal citation and quotation omitted).  Here, RBC has not moved to stay discovery.

### III.   Legal Argument

#### A.     Plaintiff May Move to Compel Further Responses And Production of Documents.

Rule 34[3] permits Plaintiff to seek documents from RBC which are "relevant to any party's claim or defense…"  Fed. R. Civ. P. § 26(b)(1).  Rule 37 provides that Plaintiff may move to compel where RBC "fails to produce documents or fails to respond that inspection will be permitted—or fails to permit inspection—as requested under Rule 34."  Fed. R. Civ. P. § 37(a)(3)(B)(iv).  Here, RBC has failed to respond that inspection will be permitted, and also failed to permit inspection (or production) of *any* documents.  Thus, Plaintiff moves to compel both further responses and production of documents.

#### B.     RBC's Objections Are Unwarranted.

By raising a litany of groundless, boilerplate objections and failing to produce any documents, RBC has flouted the Federal Rules.  *Burlington N. & Santa Fe Ry. Co. v. U.S. Dist. Court for Dist. of Mont.*, 408 F.3d 1142, 1149 (9th Cir. 2005) ("We hold that boilerplate objections or blanket refusals inserted into a response to a Rule 34 request for production of documents are insufficient to assert a privilege.") Further, "[a] request for discovery should be considered relevant if there is any possibility that the information sought may be relevant to the subject matter of the action." *Paulsen v.*

---

[3] All citations are to the Federal Rules of Civil Procedure unless otherwise noted.

*Case Corp.*, 168 F.R.D. 285, 288 (C.D. Cal. 1996).  Further RBC's objections do not state "whether any responsive materials are being withheld on the basis of that objection" as required by Rule 34(b)(2)(C).

RBC's boilerplate objection that it did not <u>employ</u> Plaintiff is a factual contention, which willfully ignores the fact that employers may include entities beyond the one that signed Plaintiff's paycheck.  Whether two employers are joint employers often turns on how much control one exercised over the other.  *See Salazar v. McDonald's Corp.*, 944 F.3d 1024 (9th Cir. 2019).  At the motion to dismiss stage, a plaintiff need only allege facts showing a joint employer relationship.  *Andrade v. Arbys Restaurant Group, Inc.*, No. 15-cv-03175 NC, 2015 WL 6689475, at *4 (N.D. Cal. Nov. 3, 2015).

Importantly, Sarbanes-Oxley's whistleblower provision proscribes retaliation not by an "employer", but by a "company ... officer, employee, contractor, subcontractor, or agent of such company...."  *Compare* 42 U.S.C. § 2000e-2(a) *with* 18 U.S.C. § 1514A(a).  Thus, SOX liability for whistleblower retaliation is much broader than under Title VII, and could attach to RBC even if RBC were ultimately found not to be Plaintiff's employer.

Similar to joint-employer, the integrated enterprise test is "a sort of labor-specific veil-piercing test." *Pearson v. Component Tech. Corp.*, 247 F. 3d 471m 485-486 (3d Cir. 2001).  The integrated enterprise test sets forth four factors for assessing whether a parent company qualifies as the employer of its subsidiaries'' employees. These include (1) interrelation of operations; (2) common management; (3) centralized control of labor relations; and (4) common ownership or financial control. *Laird v. Capital Cities/Abc, Inc.*, 68 Cal.App.4th 727, 737 (1998) (overruled in part on other grounds, *Reid v. Google, Inc*., 50 Cal.4th 512, 524 (2010)).

RBC may also be liable as a principal to its agent City National Bank ("CNB"). Federal Courts apply California law when considering an employment or agency relationship based in California.  *Alexander v. Fedex Ground Package Sys., Inc.*, 765 F.3d 981, 997 (9th Cir. 2014)(reversing district Court and finding employment relationship

under California law).  Under California law, "[a]n agent is one who represents another ... in dealings with third persons."  Cal. Civ. Code § 2295.

RBC may not rely on a blanket assertion of <u>privilege</u>, since it has not met its burden of establishing that *any* of the 26 categories of document requests seek a single privileged document.  Even so, RBC's groundless objections suggest that RBC intends to argue that *all* of Plaintiff's Requests *exclusively* privileged documents.  However, RBC "has the burden of establishing the relationship and privileged nature of the communication." *See Waymo LLC v. Uber Technologies*, 319 F.R.D. 284, 290 (N.D. Cal. 2017).  To be clear, RBC has produced no privilege log.

Similarly, RBC's objections about <u>undue burden</u> have no merit.  "Only *undue* burden or expense provides a potential basis for relief from legitimate discovery demands. Undue burden requires parties to show more than expense or difficulty." *U.S. v. $160,066.98 from Bank of America*, 202 F.R.D. 624, 628 (S.D.Cal.,2001) (emphasis in original; citations omitted).  RBC has produced no evidence of any expense or difficulty in collecting responsive documents, much less an unjust one.  Importantly, RBC has not moved for a protective order.

Likewise, RBC's objections based on <u>relevance</u> are unwarranted.  Plaintiff's Complaint (Dkt. 1) alleges that RBC retaliated against Plaintiff for, *inter alia*, complaining about regarding the lack of accounting controls and unlawful accounting misrepresentations.  Thus, Plaintiff's Requests seek potentially relevant information.

Finally, RBC's objections based on purported privacy rights of other whistleblowers alleging retaliation are not well taken.  *Heyne v. Caruso*, 69 F.3d 1475, 1480 (9th Cir. 1995) (evidence of sexual harassment complaints by other female employees is admissible to establish defendant's discriminatory intent).  So too in whistleblower cases, other instances of alleged retaliation may show motive or intent.  Any remaining privacy considerations can be addressed by the entry of a protective order, which has already been entered in this case (Dkt. 22-23).  *Nakagawa v. Regents of Univ. of Cal.*, No. C06-2066SI, 2008 WL 1808902, at *3 ("Any other privacy concerns defendant

1  may have should be addressed by a protective order.")

2        **C.    Plaintiff's Requests Seek Discoverable Information**

3        Plaintiff's Requests for Production ("RFPs") seek documents which are directly rele-

4  vant to Plaintiff's claims and RBC's defenses.

5        RFPs Nos. 1 (personnel file), and Nos. 2-5 (documents regarding separation and re-

6  lated affirmative defense of "resource planning" or "reduction in force") are directly relevant

7  to Plaintiff's performance and RBC's affirmative defenses.

8        RFPs Nos. 6-8 seek documents (including communications) to and from various sec-

9  tions of RBC's operations which reference Plaintiff.

10        RFP No. 9 seeks documents regarding the underlying management asset controls,

11  about which Plaintiff blew the whistle.

12        RFP Nos. 10-12 seek documents regarding the two Bank divisions at the heart of this

13  case, BATS and MAPS, which is relevant to show accounting regularities between the two.

14        RFP No. 13 seeks related whistleblower complaints, to discern a possible pattern of

15  retaliation.

16        RFP Nos. 14-18 seek documents related to any investigations into Plaintiff's or related

17  allegations of potentially unlawful irregularities.

18        RFP No. 19 seeks documents regarding the accounting policies which Plaintiff alleges

19  were non-compliant (and about which Plaintiff sounded the alarm).

20        RFP No. 20 seeks documents regarding any investigations into Plaintiff, including at

21  least one (of which Plaintiff if aware) that may have been retaliatory.

22        RFPs Nos. 21-22 seek routine payroll and benefits documents.

23        RFPs Nos. 23-24 seek documents supporting Request for Admissions and Interroga-

24  tory responses.

25        RFPs. Nos. 25-26 seek documents referenced in Plaintiff's Complaint or relied on in

26  RBC's defense of this action.

27

28

**IV.    Conclusion**

Plaintiff requests that the Court grant Plaintiff's request that RBC provide complete responses and production of responsive documents within 20 days of this matter being heard.

Dated:        January 31, 2022                 Respectfully submitted,

**LAW OFFICE OF LINCOLN ELLIS**

By:___/S/ Lincoln Ellis_____
Lincoln Ellis
Attorneys for Plaintiff

TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:

I certify that counsel of record who are deemed to have consented to electronic service were served on January 31, 2022 with the above document (Plaintiff's Motion to Compel Further Responses and Production of Documents from Royal Bank of Canada).

Dated:       January 31, 2022                    Respectfully submitted,

**LAW OFFICE OF LINCOLN ELLIS**

By:___/S/ Lincoln Ellis_____
Lincoln Ellis
Attorneys for Plaintiff