JEFFER MANGELS BUTLER & MITCHELL LLP
MARTA M. FERNANDEZ (Bar No. 120540)
mfernandez@jmbm.com
VINCE FARHAT (Bar No. 183794)
VFarhat@jmbm.com
BRIANNA FRAZIER EARLEY (Bar No. 297354)
BFrazierEarley@jmbm.com
1900 Avenue of the Stars, 7th Floor
Los Angeles, California 90067-4308
Telephone:  (310) 203-8080
Facsimile:   (310) 203-0567

Attorneys for Defendants Royal Bank of
Canada and City National Bank

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| FAUSTO BUSTOS, an individual,<br><br>  Plaintiff,<br><br>  v.<br><br>ROYAL BANK OF CANADA, a corporation; CITY NATIONAL BANK, a corporation; and DOES 1-10, inclusive,<br><br>  Defendants. | Case No. 2:21-cv-04879-JAK (GJSx)<br><br>Hon. John A. Kronstadt<br><br>Mandatory Settlement Conference document: Referred to Magistrate Judge Gail J. Standish<br><br>OPPOSED<br><br>**DEFENDANT CITY NATIONAL BANK'S FIRST EX PARTE APPLICATION TO CONTINUE MANDATORY SETTLEMENT CONFERENCE**<br><br>[*Filed Concurrently with Declarations of Vince Farhat and Brianna Frazier Earley; [Proposed] Order*] |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant City National Bank ("CNB"), in accordance with Central District of California Local Rule 7-19, hereby applies *ex parte* for an order continuing the Mandatory Settlement Conference ("MSC") currently scheduled for June 30, 2022, to August 4, 2022, or the next date thereafter on which the Court and the parties are available.

Good cause exists to continue the MSC. Specifically, the parties will complete a significant amount of discovery in the next four weeks, including Plaintiff's supplemental document production and four depositions (scheduled for June 29, June 30, July 6, and July 12), and the parties and the Court should have the benefit of a more complete record to ensure meaningful and efficient settlement discussions.

Per Magistrate Judge Standish's procedures regarding *ex parte* applications, "[e]x parte applications ordinarily will be decided on the papers without oral argument. The Court will notify the parties if it desires a hearing."

In accordance with Local Rule 7-19.1, on June 14, 2022, CNB provided notice of this application and the relief sought to Plaintiff Fausto Bustos ("Plaintiff") via email and attempted to provide further notice to Plaintiff's counsel via telephone. *See* Declaration of Brianna Frazier Earley ("Earley Decl."), ¶ 2. Plaintiff's counsel indicated that Plaintiff would oppose the *ex parte* application. Declaration of Vince Farhat ("Farhat Decl."), ¶ 6, Ex. C. Pursuant to Local Rule 7-19, the names, addresses, phone numbers, and email addresses of counsel for the opposing party are:

> KING & SIEGEL LLP
> JULIAN BURNS KING (Bar No. 298617)
> julian@kingsiegel.com
> ELLIOT J. SIEGEL (Bar No. 286798)
> elliot@kingsiegel.com
> 742 S. Spring Street, Suite 201
> Los Angeles, California 90014
> Telephone: (213) 465-4802

LAW OFFICE OF LINCOLN W. ELLIS
LINCOLN ELLIS (Bar No. 283657)
292 S. La Cienega Boulevard, Suite 207
Beverly Hills, California 90211
Telephone: (213) 207-6692

This application is based on this Notice, the attached Memorandum of Points and authorities, the Declarations of Vince Farhat and Brianna Frazier Earley, the pleadings, papers, and documents on file with the Court, and arguments of counsel at any hearing hereon.

DATED: June 15, 2022

JEFFER MANGELS BUTLER & MITCHELL LLP
MARTA M. FERNANDEZ
VINCE FARHAT
BRIANNA FRAZIER EARLEY

By: _____
BRIANNA FRAZIER EARLEY
Attorneys for Defendants Royal Bank of Canada and City National Bank

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

City National Bank ("CNB") and Fausto Bustos ("Plaintiff") have made substantial progress in completing fact discovery in this matter. Given that the fact discovery cut-off is over three and a half months away, and considering the inherent challenges in coordinating the schedules of the parties, their counsel, and multiple corporate witnesses, some discovery remains outstanding, including Plaintiff's anticipated supplemental document production and four depositions between June 29 and July 12 alone. As such, to best position this matter for potential resolution, and in the interests of ensuring meaningful and effective settlement discussions, CNB respectfully requests a continuance of the Mandatory Settlement Conference ("MSC") from June 30, 2022 to August 4, 2022, or the next date thereafter on which the Court and the parties are available.

## II. SUMMARY OF RELEVANT FACTS AND PROCEDURAL HISTORY

### A. The Current Pre-Trial Schedule

On November 30, 2021, Judge Kronstadt issued an order setting various pretrial deadlines, including the following:

> September 14, 2022: Last day to participate in a settlement conference/mediation;
>
> September 26, 2022: Post Mediation Status Conference;
>
> October 3, 2022: Non-expert discovery cut-off; and
>
> November 14, 2022: Expert discovery cut-off.

The Court has not yet set a final status conference or trial date.

On January 24, 2022, the Court conducted a pre-settlement conference and set the MSC for June 30, 2022, but indicated that the date was flexible and advised the parties that it would entertain reasonable requests to reschedule for a date closer to the September 14, 2022 MSC completion deadline.

B.     **Status of Discovery**

The parties have met and conferred extensively and, through good faith and cooperation, resolved a number of discovery issues and achieved significant progress with respect to both written discovery and depositions. To date, CNB has responded to nine admission requests, 14 interrogatories, and 42 requests for production, including a number of supplemental and further supplemental responses, and produced 6,808 pages of documents, and Plaintiff has responded to 26 requests for production and produced 1,372 pages of documents. Farhat Decl., ¶ 2. CNB has completed the first session of Plaintiff's deposition, and Plaintiff has deposed three of CNB's Rule 30(b)(6) designees as to a number of topics. *Id*. at ¶ 3.

Notwithstanding the foregoing, however, fact discovery remains in full force, and there will be significant activity over the course of the next month. Specifically, the parties have agreed to the following deposition dates:

> June 29, 2022:  Deposition of CNB's Rule 30(b)(6) designee (second session);
>
> June 30, 2022:  Deposition of Plaintiff (second session);
>
> July 6, 2022:  Deposition of CNB employee Linda Duncombe; and
>
> July 12, 2022:  Deposition of CNB employee Tom Reynolds.
>
> *See* Farhat Decl., ¶ 4, Ex. A.

Moreover, Plaintiff has agreed to supplement his document production prior to the second session of his deposition, which will take place on the morning of the currently-scheduled MSC. *Id*. CNB anticipates completing its rolling document production on or before July 15, 2022, and the parties are engaged in discussions regarding additional Rule 30(b)(6) topics.

C.     **Meet and Confer Efforts Regarding the MSC Date**

On June 9, 2022, in continuation of prior discussions, CNB sent Plaintiff meet and confer correspondence setting forth the bases for its request to reschedule the

MSC and advising that if Plaintiff declined to execute a joint stipulation (a draft of which was enclosed), CNB would apply *ex parte* for a continuance.  Farhat Decl., ¶ 5, Ex. B.

Given that it had not received any response from Plaintiff, CNB followed up by phone and email on June 14, 2022.  *Id*. at ¶ 6, Ex. C.  Plaintiff's counsel replied that Plaintiff "do[es] not believe that further discovery is needed to have a fulsome MSC."  *Id*.  In a good faith effort to avoid *ex parte* motion practice, CNB's counsel inquired as to whether Plaintiff would be amenable to a two-week continuance of the June 30, 2022 MSC deadline.  *Id*.  After counsel confirmed Plaintiff would not stipulate to any continuance, and pursuant to Local Rule 7-19.1, CNB's counsel provided oral (via voicemail) and written notice of the instant *ex parte* application.  Earley Decl., ¶ 2, Ex. A.

### III.     GOOD CAUSE EXISTS TO CONTINUE THE MSC

There remains ample time to conduct the MSC in compliance with the September 14, 2022 completion deadline, and good cause supports a relatively short continuance of the current June 30, 2022 MSC date.

The parties have scheduled no fewer than four depositions to occur with the next month, including the second sessions of a Rule 30(b)(6) designee and Plaintiff, set for June 29, 2022 (the day before the MSC) and June 30, 2022 (the morning of the MSC), respectively.  Plaintiff's June 30 deposition could materially impact CNB's settlement posture, particularly given Plaintiff's agreement, on the record, to search for and produce additional documents prior to the second session, and because CNB has not yet had the opportunity to fully explore Plaintiff's alleged emotional distress damages.

Moreover, by mid-July, CNB will have completed its rolling production and served initial responses to Plaintiff's fourth set of interrogatories (due June 17, 2022) and third set of admission requests (due June 27, 2022).  Based on experience in this case  to date, CNB reasonably anticipates that Plaintiff could initiate additional meet

and confer efforts with respect at least a portion of this additional written discovery, and CNB will continue to work with Plaintiff in good faith to resolve any disputed discovery issues in order to avoid burdening the Court and the parties with unnecessary discovery motion practice. In addition, the parties are actively engaged in discussions regarding additional Rule 30(b)(6) topics, upon completion of which additional depositions will need to be scheduled.

Plaintiff maintains that such discovery is not required for a productive settlement conference. However, the Court and the parties should have the benefit of a more complete record before evaluating claims, defenses, monetary demands, and counter-offers. Indeed, given that the parties have approximately three full months to complete the MSC, a short continuance will not have any negative or prejudicial impact. To the contrary, the completion of additional discovery will place this matter in the best position for resolution, thereby furthering the interests of judicial efficiency and economy and ensuring an effective use of the parties' and the Court's time and resources. In short, moving forward with the MSC at this stage is neither necessary nor prudent.

Finally, CNB's client representative is unavailable from June 18, 2022 to June 26, 2022, and CNB's counsel will be in New York for another client matter during the week of June 20, 2022. These obligations will limit the opportunity for necessary pre-MSC discussions; more significantly, these dates preclude the parties from advancing the second session of Plaintiff's deposition or any other deposition currently on calendar.

### IV. CONCLUSION

CNB believes that completing the additional discovery that the parties have mutually agreed to would result in a more fulsome and productive MSC. Therefore, CNB respectfully requests that the Court continue the MSC to August 4, 2022, or

the next date thereafter on which the Court and the parties are available.

DATED:  June 15, 2022

JEFFER MANGELS BUTLER & MITCHELL LLP
MARTA M. FERNANDEZ
VINCE FARHAT
BRIANNA FRAZIER EARLEY

By: */s/ Brianna Frazier Earley*
     BRIANNA FRAZIER EARLEY
Attorneys for Defendants Royal Bank of Canada and City National Bank

# PROOF OF SERVICE

*FAUSTO BUSTOS v. ROYAL BANK OF CANADA, et al.*
**Case No. 2:21-cv-04879-JAK (GJSx)**

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Orange, State of California. My business address is 3 Park Plaza, Suite 1100, Irvine, CA 92614-2592.

On June 15, 2022, I served true copies of the following document(s) described as **DEFENDANT CITY NATIONAL BANK'S FIRST EX PARTE APPLICATION TO CONTINUE MANDATORY SETTLEMENT CONFERENCE** as follows:

**SEE ATTACHED SERVICE LIST**

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on June 15, 2022, at Irvine, California.

*M. Sommer*
Marissa Sommer

70277087v3

CNB'S FIRST EX PARTE APPLICATION FOR CONTINUANCE OF MSC

**SERVICE LIST**

| | |
|---|---|
| KING & SIEGEL LLP<br>JULIAN BURNS KING (Bar No. 298617)<br>*julian@kingsiegel.com*<br>ELLIOT J. SIEGEL (Bar No. 286798)<br>*elliot@kingsiegel.com*<br>724 S. Spring Street, Suite 201<br>Los Angeles, California 90014<br>Telephone: (213) 465-4802<br>Facsimile: (213) 465-4803<br><br>Courtesy email: Josue Avila<br>*josue@kingsiegel.com* | *Attorneys for Plaintiff Fausto Bustos* |
| LAW OFFICE OF LINCOLN W. ELLIS<br>LINCOLN ELLIS (Bar No. 283657)<br>*lincoln.lawyer.ca@gmail.com*<br>292 S. La Cienega Boulevard, Suite 207<br>Beverly Hills, California 90211<br>Telephone: (213) 207-6692<br>Facsimile: (855) 701-5136 | *Attorneys for Plaintiff Fausto Bustos* |